Justice Kennedy,
concurring in part and dissenting in part.
The Court sets forth an important framework for the standard of review in ERISA cases, one consistent with our holding in Firestone Tire & Rubber Co. v. Bruch, 489 U. S. 101 (1989). In my view this is correct, and I concur in those parts of the Court’s opinion that discuss this framework. In my submission, however, the case should be remanded so that the Court of Appeals can apply the standards the Court now explains to these facts.
There are two ways to read the Court’s opinion. The Court devotes so much of its discussion to the weight to be given to a conflict of interest that one should conclude this has considerable relevance to the conclusion that MetLife wrongfully terminated respondent’s disability payments. This interpretation is the one consistent with the question the Court should address and with the way the case was presented to us. A second reading is that the Court concludes MetLife’s conduct was so egregious that it was an abuse of discretion even if there were no conflict at all; but if that is so then the first 11 pages of the Court’s opinion is unnecessary to its disposition.
The Court has set forth a workable framework for taking potential conflicts of interest in ERISA benefits disputes into account. It is consistent with our opinion in Firestone, and it protects the interests of plan beneficiaries without undermining the ability of insurance companies to act simultane *126 ously as plan administrators and plan funders. The linchpin of this framework is the Court’s recognition that a structural conflict “should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.” Ante, at 117. And it is on this point that the Court’s opinion parts company with the decision of the Court of Appeals for the Sixth Circuit. The Court acknowledges that the structural conflict of interest played some role in the Court of Appeals’ determination that MetLife had abused its discretion. Ante, at 118. But as far as one can tell, the Court of Appeals made no effort to assess whether MetLife employed structural safeguards to avoid conflicts of interest, safeguards the Court says can cause the importance of a conflict to vanish.
The Court nonetheless affirms the judgment, without giving MetLife a chance to defend its decision under the standards the Court articulates today. In doing so, it notes that “[t]he record says little about MetLife’s efforts to ensure accurate claims assessment,” ibid., thereby implying that Met-Life is to blame for failing to introduce structural evidence in the earlier proceedings. Until today’s opinion, however, a party in MetLife’s position had no notice of the relevance of these evidentiary considerations.
By reaching out to decide the merits of this case without remanding, the Court disadvantages MetLife solely for its failure to anticipate the instructions in today’s opinion. This is a deviation from our practice, and it is unfair. Given the importance of evidence pertaining to structural safeguards, this case should have been remanded to allow the Court of Appeals to consider this matter further in light of the Court’s ruling.
*127 For these reasons, I concur in part but dissent from the order affirming the judgment.